# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO
_____

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                        No. CR 00-1588 BB

RONALD ARMSTEAD ALEXANDER,

      Defendant.

## MEMORANDUM OPINION
## AND
## ORDER DENYING DISQUALIFICATION OF COUNSEL

THIS MATTER comes before the Court on the Government's motion to disqualify Lee P. McMillian from representing the Defendant [#16]. The Court having considered the motion, finds it lacks support and must be Denied.

### *Discussion*

This Court sentenced Defendant for felony possession of marijuana, but Defendant failed to surrender himself to the custody of the United States Marshal in June 1998. In December, 2000, Defendant was indicted on his failure to appear. Defendant was arrested in Mexico and delivered to the United States Marshals Service on October 31, 2001.

The Government moves to disqualify Mr. McMillian on the ground that: (1) he represented Defendant's daughter, Brandy Alexander, and (2) on October 16, two weeks before Defendant's arrest, Mr. McMillian informed Government counsel he had been in touch with Defendant, whom he referred to as a fugitive. The Government argues Mr. McMillian is therefore a witness whom it will be necessary to call to prove the intent element of 18 U.S.C. § 3146(a)(2).

The record is undisputed that Mr. McMillian advised Defendant's daughter, Brandy, regarding potential procedures and penalties which Defendant was facing, but had no role in representing and was not compensated by Defendant. Until a defendant establishes that his attorney actually and actively represented conflicting interests, a trial court may assume no conflict exists. *Cuyler v. Sullivan*, 446 U.S. 335, 347 (1980). In light of the importance attached to the ability to retain counsel of one's choice, courts are reluctant to disqualify counsel based on the vague potential for a future conflict. *See United States v. Placente*, 81 F.3d 555, 559 (5th Cir. 1996). Here, it is difficult to even envision how a conflict could arise.

Since Mr. McMillian did not represent Defendant or give any directions regarding the obligation to, or date of, surrender to the Marshals Service, he would have no personal knowledge of Defendant's intent regarding his failure to appear.

Indeed, Mr. McMillian represents he never saw any order of surrender or communicated with Defendant until he was contacted by Defendant regarding his potential surrender two years later. It would appear, then, that Defendant's original counsel, Victor Sizemore, not Mr. McMillian, is the only witness with relevant knowledge as to Defendant's notice of and intent regarding his duty to surrender. Since Mr. Sizemore is available to provide such testimony,[1] there is no reason to disqualify Mr. McMillian.

## **O R D E R**

For the above stated reasons, the motion to disqualify Lee P. McMillian is DENIED.

Dated at Albuquerque this 18th day of January, 2002.

_____
**BRUCE D. BLACK**
United States District Judge


Counsel for Plaintiff:
    Robert D. Kimball, Assistant U.S. Attorney, Albuquerque, NM
Counsel for Defendant:
    Lee P. McMillian, Albuquerque, NM

---

[1] *United States v. Bourassa*, 411 F.2d 69 (10th Cir.), *cert. denied*, 396 U.S. 915 (1969); *United States v. Uptain*, 552 F.2d 1108 (5th Cir.), *cert. denied*, 434 U.S. 866 (1977).